**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| SALVATORE JULIANO SOWELL, | : | Case No. 2:24-cv-873 |
| | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | Judge Sarah D. Morrison |
| | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| THE OHIO STATE UNIVERSITY, et al., | : | |
| | : | |
|     Defendants. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the James A. Karnes Corrections Center, has filed a pro se civil rights complaint in this Court.  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A.  Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id.* at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)([1]) as part of

the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31.  *See also* § 1915A(b).  Thus, § 1915(e)

requires *sua sponte* dismissal of an action upon the Court's determination that the action is

frivolous or malicious, or upon determination that the action fails to state a claim upon which

relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also*

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual

demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*,

727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a]

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1]  Formerly 28 U.S.C. § 1915(d).

of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Allegations in the Complaint

Plaintiff appears to bring the complaint based on his allegation that officers of defendants the "Franklin County Sheriff's Administration" (presumably the Franklin County Sheriff's Office) and the Ohio State University falsified police reports, resulting in his alleged wrongful arrest and/or convictions. (*See* Doc. 1-1, Complaint at PageID 9). On October 18, 2022, while incarcerated at the Franklin County Corrections Center, for example, plaintiff claims that officers generally "falsified police reports" and "failed to have recorded footage of the alleged incident

3

where I was accused of spitting on a deputy." (*Id.*).  The complaint includes additional similar allegations, including that defendants used his incorrect social security number and intentionally misspelled his name.  Plaintiff further claims that on April 8, 2023, he was arrested and told by Franklin County Sheriff's Administration officers that "they knew how to break the law and get away with it." (*Id.* at PageID 10).  According to plaintiff, officers have "told me various times they are going to kill me for having full legal names of officers employed or previously employed as Franklin County Deputies." (*Id.*).  Finally, plaintiff claims "[t]hey make comments of putting illegal drugs in my food, and blood infected with the HIV/AIDS virus (cruel and unusual punishment)." (*Id.*).

Based on review of the Franklin County, Ohio Clerk of Court online docket records, it appears that plaintiff is awaiting trial in the Franklin County Court of Common Pleas on two counts of assault and one count of harassment with a bodily substance in Case No. 22-CR-6073 and one count of harassment with a bodily substance in Case No. 22-CR-6085.  In both cases, the trial court ordered a competency examination in March 2024 and recently continued the case until May 9, 2024.[2]

---

[2]  Prior to the most recent competency evaluation, on August 3, 2023 the trial court originally found plaintiff not competent to stand trial and ordered treatment under Ohio Rev. Code § 2945.38(A).  Plaintiff's state-court docket records were viewed at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/ under Case Nos. 22-CR-6073 and 22-CR-6085.  This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

As relief, plaintiff seeks monetary damages against the Ohio State University and the Franklin County Sheriff's Administration/Office. He further demands a new identity and "immediate release from the Franklin County Corrections Center." (*Id.* at PageID 7).

## C. Analysis.

The complaint is subject to dismissal at the screening stage. *See* 28 U.S.C. § 1915(e)(2)(B).[3]

As an initial matter, to the extent that plaintiff seeks immediate release from custody and/or the dismissal of the criminal charges pending against him (*see* Doc. 1-1, Complaint at PageID 7), his sole remedy is a petition for a writ of habeas corpus. The proper mechanism for plaintiff to challenge his present physical custody is a petition for a writ of habeas corpus, not this civil rights action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Therefore, to the extent that plaintiff seeks relief in the form of dismissal of the charges against him and/or immediate release his sole remedy is a petition for a writ of habeas corpus after exhausting his state court remedies.

Furthermore, absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state

---

[3] The undersigned notes that plaintiff filed a prior, related complaint that included similar allegations against the Franklin County Sheriff's Administration, the Ohio State University Police Department and others, related to his April 2023 arrest. *See Sowell v. United States of America*, Case No. 2:23-cv-1683 (S.D. Ohio Nov. 9, 2023) (Doc. 25 at PageID 129-130). Although it appears plaintiff raised or could have raised the claims asserted in the instant complaint in the prior action, the Court need not determine whether the instant complaint is subject to dismissal on the basis of the *res judicata* doctrine. The complaint is subject to dismissal for the reasons provided below.

proceedings. *Id*. Under *Younger v. Harris*, 401 U.S. 37 (1971), the federal court must abstain where "[1] state proceedings are pending; [2] the state proceedings involve an important state interest; and [3] the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir. 1989)). *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603-05 (1975). Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53, 54. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

Although plaintiff's complaint is subject to dismissal for the reasons stated below, the undersigned notes that all three factors supporting *Younger* abstention are present in this case. First, plaintiff's criminal proceedings remain pending. *See Huffman*, 420 U.S. at 608; *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003); *Foster v. Kassulke*, 898 F.2d 1144, 1146 (6th Cir. 1990). Second, the criminal case implicates important state interests as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger*, 401 U.S. at 43-45. Third, there is no evidence that the state criminal proceedings cannot provide an opportunity for plaintiff to raise any constitutional claims. Regarding this factor, the federal court must presume that the state courts are able to protect the interests of a federal petitioner. *Kelm*, 44 F.3d at 420 (citing *Pennzoil Co.*, 481 U.S. at 15). Plaintiff possesses an adequate opportunity to raise any constitutional issues in his pending state court proceedings. Therefore, abstention under *Younger* is appropriate. Nor has plaintiff alleged facts showing the existence of extraordinary circumstances barring abstention. Plaintiff does not

6

allege facts showing bad faith, harassment, flagrant unconstitutionality in the state proceedings, or any other unusual circumstances that would bar abstention in this matter.

In any event, the complaint should be dismissed against the named defendants. As noted above, plaintiff brings this action against the Franklin County Sheriff's Administration/Office and the Ohio State University. The complaint and attached summons forms also include reference to the Ohio State University Police Department and an assistant prosecutor with the Franklin County, Ohio Prosecutor's Office. (*See* Doc. 1 at PageID 7, 18).

The Franklin County Sheriff's Administration/Office should be dismissed as a defendant to this action. Only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983. A county jail or sheriff's office is not a "person" within the meaning of § 1983. *See*, *e.g.*, *Marbry v. Corr. Med. Services*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000); *Aladimi v. Hamilton Cnty. Justice Ctr.*, No. 1:09-cv-398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (Bowman, M.J.) (Report & Recommendation), adopted, 2012 WL 529585 (S.D. Ohio February 17, 2012) (Barrett, J.); *Mischer v. Cuyahoga Cnty. Jail*, No. 1:11-cv-1201, 2011 WL 4529331, at *2 (N.D. Ohio Sept. 28, 2011). *See also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that the Sheriff's Department "is not a legal entity subject to suit" under § 1983). Even if the Court were to liberally construe the complaint as against Franklin County itself, plaintiff failed to adequately plead that his constitutional rights were violated pursuant to a county policy. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Therefore, the complaint against the Franklin County Sheriff's Administration/Office should be dismissed.

Plaintiff has also failed to state a claim for relief against the Ohio State University or the Ohio State University Police Department. Absent an express waiver, the Eleventh Amendment

to the United States Constitution bars suit against a State or one of its agencies or departments in

federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*,

517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984);

*Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). "[I]t

is well settled that Ohio State University is an instrumentality of the State of Ohio . . . entitled to

Eleventh Amendment immunity." *Matteson v. The Ohio State University*, No. C2-99-1267, 2000

WL 1456988, at *3 (S.D. Ohio Sept. 27, 200) (internal citations omitted); *Robertson v. Rosol,*

Case No. 2:06-cv-1087, 2007 WL 2123764, at *3 (S.D. Ohio July 20, 2007) ("It is well-settled

within the Sixth Circuit that Ohio's public universities and colleges are instrumentalities of the

State and are, therefore, cloaked by the State's Eleventh Amendment immunity."). *See also*

*Davis v. Bexley Police Dep't,* No. 2:08cv750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009)

(citing *Jones v. Marcum*, 197 F. Supp.2d 991, 997 (S.D. Ohio 2002) (finding that a police

department is not an entity capable of being sued and therefore not a proper § 1983 defendant);

*Siegler v. Ohio State University*, Case No. 2:11-cv-170, 2011 WL 4348131, at *6 (S.D. Ohio

May 23, 2011) (extending Eleventh Amendment immunity to the "OSU Police Division")

(Report and Recommendation), adopted, 2011 WL 4348131 (S.D. Ohio Sept. 16, 2011).

Finally, the complaint should be dismissed against the Franklin County assistant

prosecutor to the extent that plaintiff intends to name this individual as a defendant to this action.

(*See* Doc. 1-2, Complaint at PageID 18). Plaintiff apparently seeks to hold this defendant liable

for initiating the pending criminal charges against him. However, prosecutors are entitled to

absolute immunity for conduct 'intimately associated with the judicial phase of the criminal

process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998)

(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's

initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431.

Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted

wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998).

Because plaintiff seeks to hold the defendant assistant prosecutor liable based on conduct

intimately associated with the judicial phase of the criminal process, his claims against this

defendant is subject to dismissal.

Accordingly, in sum, the complaint should be dismissed for failure to state a claim upon

which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§

1915(e)(2)(B) and 1915A(b)(1).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an

appeal of any Order adopting this Report and Recommendation would not be taken in good faith

and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*,

114 F.3d 601 (6th Cir. 1997).

**NOTICE REGARDING OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after

being served with a copy thereof. That period may be extended further by the Court on timely

motion by either side for an extension of time. All objections shall specify the portion(s) of the

R&R objected to, and shall be accompanied by a memorandum of law in support of the

objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

April 29, 2024                                        *s/ Elizabeth A. Preston Deavers*
                                                         Elizabeth A. Preston Deavers
                                                         United States Magistrate Judge